

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MSM  
F. #2017R01782

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 3, 2020

By ECF

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Hassan McClean
                Criminal Docket No. 18-245 (PKC)

Dear Judge Chen:

        The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is currently scheduled for January 9, 2020 at 10:00 a.m. For the reasons set forth below, the government respectfully asks that the Court impose a sentence between 87 and 108 months' imprisonment.[1]

I.        Factual Background

        A.        The Crack Distribution Conspiracy

        The defendant was part of a drug-trafficking conspiracy—led by Javier Blackett, a member of the violent Eight Trey Crips street gang—that sold hundreds of grams of crack cocaine in a residential neighborhood approximately three blocks from the Prospect Park ice skating rink. (Presentence Report ("PSR") ¶ 4). During the course of the investigation, the coconspirators sold approximately 446 grams of cocaine base to an undercover officer and they were intercepted on wiretapped calls and text messages selling significantly more. Id.

        The defendant worked for the organization, selling drugs at varying locations and marking drug deliveries for deals set up by Blackett. In one instance, on April 25, 2017,

---

[1] On January 1, 2020, the defendant filed a sentencing memorandum under seal. As of the time of this filing, the government has not been able to view that memorandum and reserves the right to supplement this memorandum to address any arguments in the defendant's submission.

an undercover officer ordered cocaine base from Blackett. When the officer arrived to purchase the drugs, the defendant got into his car and completed the transaction, selling the undercover 13.936 grams of cocaine base for $450. Numerous conversations intercepted over the wiretap also demonstrated that the defendant frequently sold drugs on behalf of the conspiracy.

    B.    The September 21, 2017 Shooting

In addition to selling drugs, during the conspiracy, the defendant committed a shooting in the same neighborhood where his drug conspiracy operated. Id. ¶¶ 9-10. Specifically, surveillance video from the vicinity of 177 Woodruff Avenue on September 21, 2017, shows the defendant and co-defendant Tysheim Warren standing on a street corner together. The video shows Warren remove an object from his waistband and hand it to the defendant, who made the motion as if he were racking the slide of a gun, and then shows them both running westbound on Woodruff Avenue, off camera, to an area where police responding to a shots fired call found five .380 caliber shell casings and two .40 caliber shell casings. The video then shows the defendant and Warren running towards 80 Clarkson Avenue, one of the apartment buildings from which Blackett and members of the conspiracy sold crack cocaine. Id.

Video from inside 80 Clarkson Avenue shortly after the shooting shows the defendant and Warren meeting Blackett in the sixth floor hallway. The three talk. Blackett hands Warren keys, after which time, the defendant and Warren enter an apartment located in the direction from which Blackett had come. Later that day, law enforcement searched apartment 6L, which was located where the defendant and Warren had walked off the screen, and found the .40 caliber Glock that fired the shells found on the street, and clothing that matched the clothing worn by the defendant and Warren in the surveillance video. Id.

II.    Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at

49-50 (citation and footnote omitted). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed [] (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2).

III.  The Guidelines Range of Imprisonment

The government agrees that the PSR correctly sets forth the defendant's offense level (29) and Criminal History Category (II). This is the same analysis as set forth in the defendant's plea agreement except that the PSR did not credit the defendant with a one-point reduction for a global resolution of this case. PSR ¶¶ 2, 29-39, 43-45. After application of that one-point reduction, the defendant's offense level is 28 and his Criminal History Category is II, resulting in a guidelines range of 87 to 108 months' imprisonment.

IV.  The Appropriate Sentence

A sentence within the Guidelines range of 87 to 108 months is sufficient but not greater than necessary to meet the goals of sentencing. See 18 U.S.C. § 3553(a). The nature and circumstances and the seriousness of the defendant's offense support a Guidelines sentence. The defendant was a participant in a conspiracy—led by a member of the violent Eight Trey Crips street gang—that sold dangerous drugs in a Brooklyn residential neighborhood just blocks from Prospect Park.

Other sentencing factors—the defendant's history and characteristics, and the needs to protect the public, promote respect for the law, and deter the defendant from engaging in criminal conduct—also weigh in favor of a Guidelines sentence.

While the defendant is relatively young, his criminal activity is escalating in both seriousness and the danger it poses to others. In May of 2016, the defendant was arrested for menacing in the second degree with a weapon. In that case, the defendant got into a physical altercation with the victim over a past dispute. He grabbed the victim's wrist and swung a knife (which the defendant had been carrying) at the victim. PSR ¶ 41. He was sentenced to two years' probation and immediately continued his criminal activity. While on probation, the defendant routinely sold dangerous drugs in a residential neighborhood in Brooklyn.

The defendant's dangerousness is also demonstrated by his decision to shoot at another individual in the neighborhood where the conspiracy operated. Significantly, the defendant was waiting on a public street with one of his co-conspirators (Warren), who had a gun. Prompted by something they observed on the street, Warren pulled out the gun and handed it to the defendant, who then fired it. After, the defendant and Warren returned to an apartment building where Blackett, the leader of their conspiracy and a member of the Eight Trey Crips, gave them access to a vacant apartment to hide their clothes and the gun.

3

Finally, the defendant's conduct while in custody underscores his continued dangerousness, lack of respect for the law and resistance to rehabilitation. In June 2018, the defendant was sanctioned for threatening bodily harm. Id. ¶ 56. Almost a year later, in June 2019, the defendant was sanctioned for possessing a dangerous weapon. He also has received four disciplinary violations for refusing orders and destroying property. Id.

For the reasons set forth above, the government respectfully asks the Court to impose a term of imprisonment within the Guidelines range of 87 and 108 months' imprisonment.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____/s/_____
Mathew S. Miller
Assistant U.S. Attorney
(718) 254-6075

cc: Clerk of the Court (PKC) (by ECF)
Sally J.M. Butler, Esq. (by ECF)
Jennifer G. Fisher, Senior U.S. Probation Officer (by email)